George Davey
vs.
United Electric Rys. Co.    No. 59697

Rose Davey
ve.
United Electric Rys. Co.    No. 59698

September 28, 1925.

SUMNER, J. Plaintiffs have brought suits to recover damages resulting from a collision between the automobile in which they were riding and a trolley car of the defendant. The jury brought in a verdict for the plaintiff George Davey for $300, and for the plaintiff Rose Davey for $50. The defendant has filed motions for new trials on the ground that the verdicts are against the weight of the evidence.

The plaintiff George Davey testified that he was driving his automobile westerly on Eldridge street in the city of Cranston, approaching the corner of Reservoir avenue; that he was going at the rate of "12 to 15 miles" an hour and was 50 feet from the corner when he first saw the trolley car on Reservoir avenue approaching Eldridge street at a distance of about 150 feet from the corner; that the trolley car was going "not more than 15 or 20 miles" an hour; that he slowed down to observe its speed; that the street was rough, he applied his brakes and the engine of his car stalled where he was near the track of the defendant; that the trolley car at that time "seemed to be about 75 feet away," but it came on, its front step caught in the fender of his car and pushed it along almost the width of Eldridge street, so that it was about parallel with the trolley car after the accident; that the trolley car stopped half way across Eldridge street.

Rose Davey, his wife, the other plaintiff, testified that she was in the automobile with her husband and that she saw the trolley car when the automobile suddenly came to a stop and that the trolley car was then distant about one and one-half times the length of the small court room (the Court estimates this distance as about 45 feet); that the car was then going at the rate of about 20 miles an hour and it did not slow down any.

For the defendant, the motorman Warner testified that when he was 70 or 75 feet from Eldridge street he first noticed the plaintiff's car and that it was then a distance of about 50 feet up Eldridge street and going at 12 or 15 miles an hour; that the automobile did not change its speed and he reversed his power and sounded his whistle; that the automobile then decreased its speed a little but kept coming on and got within a foot of the track when the trolley car struck it; that he was 60 or 70 feet away when he reversed his power; that his car went 15 or 20 feet after the collision but did not reach the further corner of Eldridge street. He further said that he could probably stop his car in 40 or 50 feet going at 15 miles an hour and in 75 or 80 feet going at 20 miles an hour.

The scene of the accident is in a sparsely built up section and the view of the motorman, as well as of the driver of the automobile, was limited by a bank of earth along the north side of Eldridge street, so that only the tops of the two vehicles could clearly be seen.

The testimony of the plaintiff George Davey indicated clearly negligence on his part. He might perhaps have speeded up his car and gotten out of danger, and surely could have stopped his car before reaching the car track. He evidently was in doubt as to which course to take and eventually allowed his car to stall near the track, showing uncertain driving on his part. He saw the car approaching when he was 50 feet from the corner. He could readily have stopped

his automobile within 15 feet and put himself in a place of safety.

Plaintiff, however, has raised the question of the so-called "last clear chance" and that, in the mind of the Court, is the only basis for his claim. He said that the electric car seemed to be 75 feet away when he stalled. His wife estimated the distance as about 45 feet.

We have no positive testimony as to the distance within which a trolley car can be stopped going at the rates testified to. The motorman has made some estimates which he admits are not based on actual tests, but we may accept them as substantially correct in the absence of any more positive testimony, namely, that he could probably stop in 75 or 80 feet going 20 miles an hour, and in 40 or 50 feet going 15 miles an hour. The automobile was carried less than 25 feet (the measured width of the street between the curbs at that place), and no evidence was offered as to the speed limits required of electric cars by the ordinances of the City of Cranston.

Have the plaintiffs shown that the motorman (when he saw or should have seen that the plaintiffs were about to be placed in a position of danger) did not take such action as was reasonable and proper in the emergency to check the speed of his car or to stop it? We do not think so.

One Marcelli, a witness for the plaintiff, testified that he heard the motorman say after the accident that he was "practically on top of the plaintiff" before he saw him coming. The motorman denies making any such statement.

The defendant introduced a statement made by the plaintiff George Davey to its claim agent. In this statement he fixes his distance from Reservoir avenue at the time that he heard the whistle of the trolley car as about 25 feet and said that he could not see the car at that time;

that he at once applied his brakes but his automobile stopped with the front end too close to the car track and that the trolley car was then 100 feet away and coming at a moderate speed. The statement is signed and sworn to by him and in his handwriting appear the words, "I have read this statement and claim it to be correct." His testimony and his written statement are absolutely contradictory as to the way in which the accident occurred. He tries to explain the inconsistencies by saying that he did not notice some of the written statements, did not make or intend to make others, and that his estimate of distances was wrong.

The Court feels that a serious doubt is under the circumstances cast upon the correctness of Mr. Davey's testimony and on the main issues he is unsupported except in a minor way by his wife and possibly by the testimony of the witness Marcelli, and no positive inference can be drawn from that.

The motions of the defendant for new trials in both cases are granted.

For Plaintiffs: Greenough, Easton & Cross

For Defendant: Clifford Whipple and Earl A. Sweeney.